LARRY L. BAUMBACH
SBN 50086
Law Office of Larry L. Baumbach
686 Rio Lindo Avenue
Chico, California 95926
Telephone: (530)891-6222
Fax: (530)893-8245

Attorneys for Plaintiffs
CHERRIE and TONY HAZLETT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRIE HAZLETT and TONY HAZLETT, <br><br> Plaintiffs, <br><br> vs. <br><br> TERRY DEAN, TRUANT OFFICER; CHRISTOPHER VON KLEIST; JASON BRAMSON; CHRIS BOYLES; KELLY HAIGHT; STEVEN HISCOCK; TIM RYAN; ORLAND POLICE OFFICER S.J. JOHNSON; ORLAND POLICE OFFICER J.S. SOKSODA; ORLAND POLICE OFFICER Z.L. LOPETEGUY; and DOES 1 through 100, inclusive. <br><br> Defendants | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **(DEMAND FOR JURY TRIAL)** |

Plaintiffs allege:

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to Title 28 United States Code, §§1331, 1343, and 1367; 41 United States Code §§1983, 1988.

2. Venue is proper in this judicial district because Plaintiffs' injuries, damages and harm including the violation of Plaintiffs' civil rights occurred in this

judicial district. Further, all of the Defendants reside, are headquartered and conduct business in this judicial district.

## PARTIES

3. Defendant, Terry Deen was at all times herein mentioned a law enforcement officer engaged in truancy enforcement for the Orland Unified School District and at all times in this action was acting under color of state law and is sued in his individual and official capacity. Officers S.J. Johnson, J.S. Soksoda and Z.L. Lopeteguy were law enforcement officers employed by the Orland Police Department and in doing the acts set forth herein were acting within the course and scope of their employment as law enforcement officers under color of state law and are sued in their individual and official capacities.

4. Christopher Von Kleist, Jason Bramson, Chris Boyles, Kelly Haight, Steven Hiscock, and Tim Ryan were employees of the Orland Unified School District acting in various capacities and positions regarding the attendance records and enforcing attendance at the school and acted within their official capacity and are sued in their individual and official capacities.

5. At all times mentioned herein, Plaintiff Cherrie Hazlett was an adult residing in Orland, California and the mother of two (2) minor children who attended the Orland Unified School District schools.

6. At all times mentioned herein, Plaintiff Tony Hazlett was an adult male, the husband of Plaintiff Cherrie Hazlett and resided in Orland, California and the father of two (2) minor children who were students in the Orland Unified School District.

## STATEMENT OF FACTS

7. Defendants Terry Deen, Christopher Von Kleist, Jason Bramson, Chris Boyles, Kelly Haight, Steven Hiscock and Tim Ryan reached a meeting of minds amongst themselves that although California Education Codes §48293 describes parental responsibilities for truancy as an infraction, punishable by fine only, that Defendants desired to make a more serious impact upon the parents of suspected

truant minors. In furtherance of the agreement and/or conspiracy, the Defendants agreed to add false charges of forgery to the charges of truancy. Defendants examined the doctor's notes Plaintiffs had presented to excuse their children's absence from school, searching for any alteration or suspicious entry in the doctor's excuse notes thereby justifying an additional charge of violation of California Penal Code §132, a felony. Defendants at the time of their agreement knew or should have known that in order to be guilty of violation of Penal Code §132(a), a forged document must be offered in evidence in a legal proceeding. Defendants and each of them, were aware no such offering in evidence had been made by Plaintiff's. Nevertheless, Defendants caused the arrest of Plaintiffs in the night time, the handcuffing of Plaintiffs, the search of Plaintiff's residence, all on the basis of the false reports concocted by the Defendants.

8. Before referral to law enforcement officials regarding the suspected truancy of Plaintiff's children, Defendants were required by law to implement the School Attendance Review Board (SARB) process. The SARB legislation (Education Code [EC] §§48320-48325) was enacted in 1976 by the California State Legislature to establish panels that would develop effective ways to address the statewide dropout problem. Compliance with SARB procedures must precede referral to law enforcement. Defendants referred Plaintiff's case to law enforcement without compliance with SARB protocols. The purpose of Defendant's conspiracy was to embarrass, humiliate, terrorize, hold Plaintiffs up to community contempt and ridicule, thereby making an example of them within the community and avoiding compliance with SARB requirements.

9. Based upon the false and misleading information concocted by Defendants, and each of them, Plaintiffs were arrested in their home on March 8, 2010 at 9:00 p.m. Plaintiffs were removed forcibly from their home in handcuffs and jailed. The false charges of violation of Penal Code §132(a) were ultimately dismissed on August 6, 2010.

10. Defendant, Terry Deen, a retired police officer with twenty-three (23) years of law enforcement experience who served the Orland Unified School District as a law enforcement truancy officer from January, 2008 to June, 2010 was the chief architect of the scheme to falsely arrest Plaintiffs, thereby frightening and intimidating parents of students. Based upon the training and experience of Defendant Deen in law enforcement, Defendant Deen's co-defendants cooperated, authorized, ratified and approved of Defendant Deen's tactics of using false arrest and false felony accusations for a mere infraction violation of truancy laws.

11. The Statute of Limitations for this action was tolled pursuant to California Government Code §945.3; and federal law as stated in <u>Harding v. Galeran, 889 F2d 906 (9th Cir. 1989)</u>.

12. In furtherance of the aforementioned conspiracy, Defendant Deen, using his influence as a law enforcement officer, enlisted the knowing cooperation of the Orland Police Department and the three (3) officers named herein with full knowledge of the fraudulent purpose to, under color of state law, harass Plaintiffs by conducting the aforementioned false arrest and jailing of the Plaintiffs. Ultimately, the purpose of the conspiracy resulted in the arrest, jailing, charges being filed in Glenn County Superior Court and the ultimate outright dismissal of said charges for lack of any lawful merit.

**STATEMENT OF DAMAGES**

13. As a direct and proximate result of the incident alleged in this complaint, Plaintiffs sustained injuries and damages including, but not limited to, pain, suffering, injuries to their bodies as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to their general damage in an amount according to proof.

14. As a further direct and proximate result of the incident alleged in this complaint, Plaintiffs Cherrie and Tony Hazlett have suffered loss of income, incurred attorney's fees, costs of bail, cost for child care expenses, expenses for psychological

care and evaluations and allied expenses and other incidental expenses all to their special damage in an amount according to proof.

15.   In doing the things alleged herein, Defendants acted willfully, maliciously and in reckless or callous disregard of the Plaintiff's rights justificing an award of punitive damages in accordance with proof.

16.   Plaintiffs have been compelled to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## FIRST CLAIM FOR RELIEF
### Violation of Civil Rights, Title 42 U.S.C. §1983, Plaintiffs v. All Defendants

17.   Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 16 of this complaint.

18.   In doing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of constitutionally protected rights, including but not limited to:  (a) the right not to be deprived of liberty without due process of law by falsely arresting Plaintiffs, Cherrie and Tony Hazlett; (b) the right to be free from unreasonable interference with parent/child relationships by falsely arresting Plaintiffs Cherrie and Tony Hazlett in front of their children and removing Plaintiffs from their children; (c) the right to be free from unreasonable seizure by falsely arresting Plaintiff's Cherrie and Tony Hazlett; (d) the right to be free from unreasonable searches and seizures inasmuch as upon the arrest of Plaintiffs, the Defendant Officers named herein did conduct a thorough search of Plaintiff's residence without a warrant; (e) the right of Plaintiffs to be free from night time arrest without a specially authorized night time warrant.

19.   As a direct and proximate result of the acts complained of herein, Plaintiffs have suffered general and special damages as set forth in this complaint.

20.   Wherefore Plaintiffs Cherrie and Tony Hazlett pray for judgment against all Defendants jointly and severally for their actual and compensatory damages, for

punitive damages, for costs, for pre-imposed judgment, interest, for attorney's fees and for such other and further relief as the court may deem proper.

## SECOND CLAIM FOR RELIEF
### Claim for Conspiracy to Interfere with Civil Rights, 42 U.S.C. §1985, Plaintiffs v. All Defendants

21. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 20 of this complaint.

22. In committing the acts as described in paragraphs 1 through 20 of this complaint, Defendants and each of them engaged in acts in furtherance of the object of a conspiracy injuring Plaintiffs Cherrie and Tony Hazlett in the persons and depriving them of their rights of liberty and freedom to associate with their children as citizens of the United States, to be free from unreasonable searches and seizures, to be free from unreasonable and excessive force, to be free from arrest lacking probable cause.

23. Wherefore Plaintiffs Cherrie and Tony Hazlett pray for judgment against all Defendants jointly and severally for their actual and compensatory damages, for punitive damages, for costs, for pre-imposed judgment, interest, for attorney's fees and for such other and further relief as the court may deem proper.

## PRAYER

WHEREFORE PLAINTIFFS, CHERRIE and TONY HAZLETT, PRAY for judgment against DEFENDANTS, TERRY DEAN, CHRISTOPHER VON KLEIST, JASON BRAMSON, CHRIS BOYLES, KELLY HAIGHT, STEVEN HISCOCK, TIM RYAN, ORLAND POLICE OFFICER S.J. JOHNSON, ORLAND POLICE OFFICER J.S. SOKSODA, ORLAND POLICE OFFICER Z.L. LOPETEGUY and DEFENDANTS identified as DOES 1 through 100, and each of them as follows:

Jointly and severally for special damage, for hospitalization, for medical expenses, in the amount of $1.5 million, attorney's fees, punitive damages and such other relief as the Court deems fair and appropriate under the circumstances.

**First Claim for Relief**

1. General damages in a sum according to proof;

2. Special damages for hospitalization and for medical expenses in the amount of $1.5 million;

3. Punitive damages;

4. For interest provided by law;

5. For attorney's fees in an amount to be shown according to proof pursuant to Government Code §12941 et seq. and Title VII; and

6. Costs of suit and for such each other and further relief as the court deems just and proper.

### Second Claim for Relief

1. General damages in a sum according to proof;

2. Special damages for hospitalization and for medical expenses in the amount of $1.5 million;

3. Punitive damages;

4. For interest provided by law;

5. For attorney's fees in an amount to be shown according to proof pursuant to Government Code §12941 et seq. and Title VII; and

6. Costs of suit and for such each other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs CHERRIE and TONY HAZLETT demand a jury trial.

Dated: June 27, 2012

THE LAW OFFICE OF LARRY L. BAUMBACH

_____
LARRY L. BAUMBACH