UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHERRIE HAZLETT and TONY HAZLETT,

        Plaintiffs,

   v.

TERRY DEAN, CHRISTOPHER VON KLEIST, JASON BRAMSON, CHRIS BOYLES, KELLY HAIGHT, STEVEN HISCOCK, TIM RYAN, S.J. JOHNSON, J.S. SOKSODA, Z.L. LOPETEGUY,

        Defendants.

NO. CIV 2:12-01782 WBS DAD

ORDER RE: MOTIONS TO DISMISS

----oo0oo----

        Plaintiffs Cherrie and Tony Hazlett bring this action under 42 U.S.C. §§ 1983 and 1985, alleging that defendants acted under the color of state law to deprive plaintiffs of their rights secured by the Fourth and Fourteenth Amendments.  The matter is before the court on defendants' motion to dismiss the Amended Complaint on the ground that plaintiffs' claims are

1

1  barred by the applicable statute of limitations.
2           Plaintiffs' § 1983 claims based upon a violation of
3  their Fourth Amendment right to be free from unreasonable search
4  and arrest without probable cause accrued on March 8, 2010, the
5  date of the allegedly wrongful arrest.  See Wallace v. Kato, 549
6  U.S. 384, 388-90 (2007).  Plaintiffs filed this action on July 5,
7  2012, more than two years after those claims accrued.
8  Plaintiffs' § 1983 claims against defendants Christopher Von
9  Kleist, Jason Bramson, Chris Boyles, Kelly Haight, Steven
10 Hiscock, and Tim Ryan based on violations of their Fourth
11 Amendment rights to be free from unlawful search and seizure are
12 therefore barred as untimely, and defendants' motions to dismiss
13 those claims are hereby GRANTED.
14          However, the same § 1983 claims against defendants who
15 arguably qualify as peace officers were tolled under California
16 Government Code section 945.3 until the forgery charges were
17 dismissed on August 6, 2010, see Torres v. City of Santa Ana, 108
18 F.3d 224, 226 (9th Cir. 1997), and plaintiffs brought suit within
19 two years of that date.  Plaintiffs' § 1983 claims against
20 defendants Terry Dean, S.J. Johnson, J.S. Soksoda, and Z.L.
21 Lopeteguy based on Fourth Amendment violations of arrest without
22 probable cause and unreasonable search are therefore timely, and
23 defendants' motions to dismiss those claims are hereby DENIED.
24          To the extent that plaintiffs' § 1983 claims are based
25 upon a deprivation of any other constitutional right which
26 accrued within the two year period before the filing of this
27 action, defendants' motions to dismiss those claims are hereby
28 DENIED.

2

1            Since plaintiffs have failed to allege any racial
2   animus behind defendants' actions, see Griffin v. Breckenridge,
3   403 U.S. 88, 102 (1971), defendants' motions to dismiss
4   plaintiffs' claim under § 1985 are hereby GRANTED.
5            Plaintiffs have thirty days from the date of this Order
6   to file an amended complaint if they can do so consistent with
7   this Order.
8   DATED: January 29, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE