UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHERRIE HAZLETT and TONY HAZLETT, | NO. CIV 2:12-01782 WBS DAD |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| TERRY DEAN, CHRISTOPHER VON KLEIST, JASON BRAMSON, CHRIS BOYLES, KELLY HAIGHT, STEVEN HISCOCK, TIM RYAN, S.J. JOHNSON, J.S. SOKSODA, and Z.L. LOPETEGUY, | |
| Defendants. | |

----oo0oo----

Plaintiffs Cherrie and Tony Hazlett brought this action against school employees and police officers arising from their arrest and prosecution for truancy and forgery. Defendants Von Kleist, Bramson, Boyles, Haight, Hiscock, and Ryan, (together, "school defendants"), as well as defendant Dean, now seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

1

In its January 30, 2013 Order, the court granted in part and denied in part both the police defendants' and school defendants' motions to dismiss the First Amended Complaint ("FAC"). (Docket No. 31.) The court held, in relevant part, that plaintiffs' § 1983 claims based upon a violation of their Fourth Amendment right to be free from unreasonable search and arrest without probable cause against the school defendants were untimely because the claims accrued at the time of the arrest, but that the same claims against defendants Dean, Johnson, Soksoda, and Lopeteguy were timely since those defendants were arguably peace officers subject to tolling under California Government Code section 945.3. (Jan. 30, 2013 Order at 2.) Plaintiffs were granted leave to amend. (Id. at 3.)

In their Second Amended Complaint ("SAC"), plaintiffs bring two separate claims for violations of § 1983. (Docket No. 32.) The first claim, brought against all defendants, is subtitled "Malicious Prosecution" and alleges that defendants provided "materially false misleading [sic] and incomplete information and/or omitting material information to the prosecuting agency for the purpose of having Plaintiffs prosecuted for forgery, a felony" when defendants "did not and in good faith could not believe Plaintiffs to be guilty of the crime alleged." (SAC ¶¶ 25-26.) Plaintiffs maintain that defendants "engaged in this malicious conduct with the purpose of depriving Plaintiffs of their Constitutional Rights to be free of unlawful seizure and the right to due process under the Fourth and Fourteenth Amendments of the United States Constitution." (Id. ¶

2

27.)[1]

The school defendants and Dean now move to be dismissed from the first claim for violation of § 1983 for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Docket No. 34.)

Section 1983 provides a cause of action against any person who, under the color of state law, deprives another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). In the Ninth Circuit, "[i]n order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so <u>for the purpose of denying [him] equal protection or another specific constitutional right</u>.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)) (emphasis added).

The crux of plaintiffs' § 1983 claim is that they were arrested and prosecuted without probable cause. To the extent they base the claim upon an alleged deprivation of their Fourteenth Amendment right to substantive due process, the

---

[1] Plaintiffs bring a separate § 1983 claim against defendants Dean, Johnson, Soksoda, and Lopeteguy which appears to rely on the same facts and constitutional deprivations in the first claim but does not allege "malicious prosecution."

3

Supreme Court has said that "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" Albright, 510 U.S. at 274 (plurality) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).  When a plaintiff asserts the right to be free from arrest and prosecution without probable cause, "substantive due process, with its 'scarce and open-ended' 'guideposts,' can afford him no relief." Id. at 275 (plurality) (internal citation omitted).  The Ninth Circuit in Awabdy confirmed that "[t]he principle that Albright establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." Awabdy, 368 F.3d at 1069 (citing Albright, 510 U.S. at 268, 271 (plurality) (further citations omitted)).

Plaintiffs appear to rely on Bretz v. Kelman, 773 F.2d 1026 (9th Cir. 1985) in support of their claim.  (Pls.' Opp'n at 2-4 (Docket No. 35).).  To the extent Bretz ever stood for the proposition that a § 1983 "malicious prosecution" claim based upon deprivation of the Fourteenth Amendment right to substantive due process is available for conspiracy to arrest and prosecute a plaintiff without probable cause, any such reading is foreclosed by Albright.  Thus, plaintiffs' first § 1983 claim based on deprivation of their Fourteenth Amendment right to substantive due process will be dismissed.

As for plaintiffs' § 1983 "malicious prosecution" claim based upon a denial of their Fourth Amendment right to be free

4

from seizure, the Supreme Court "ha[s] never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983." <u>Wallace v. Kato</u>, 549 U.S. 384, 390 n.2 (2007); <u>see also</u> <u>Becker v. Kroll</u>, 494 F.3d 904, 913 (10th Cir. 2007) (characterizing analysis of § 1983 "malicious prosecution" claims based on the Fourth and Fourteenth Amendments as wading in "murky waters").  Plaintiffs' opposition brief fails to cite a controlling case in support of their claim, if such a claim even exists.  <u>Awabdy</u>, cited at length by plaintiffs in their brief, involved § 1983 claims based upon intent to deprive the plaintiff of his First Amendment right to free speech, Fourteenth Amendment right to equal protection, and Thirteenth Amendment right to be free from slavery, not any Fourth Amendment violations.  <u>See</u> <u>Awabdy</u>, 368 F.3d at 1068-70.  Furthermore, plaintiffs' opposition brief only asserts that "[d]eprivation of liberty, under color of law, supports the § 1983 cause of action," an argument which, as discussed above, fails in the wake of <u>Albright</u>.  (Pls.' Opp'n at 7.)

Evaluating plaintiffs' claims under the standards laid out in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), plaintiffs fail to offer any plausible support for a § 1983 "malicious prosecution" claim based upon intent to deprive plaintiffs of a Fourth Amendment right to be free from arrest without probable cause, thus plaintiffs' first claim against defendants Terry Dean, Chris Von Kleist, Jason Bramson, Chris Boyles, Kelley Haight, Steve

Hiscock, and Tim Ryan will be dismissed.[2]

While leave to amend must be freely given, the court is not required to permit futile amendments. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). On two separate occasions plaintiffs have been granted leave to amend their pleadings to properly state a § 1983 claim against defendants. (Docket Nos. 22, 31.) The court must therefore assume that further amendment would be futile, and will not grant plaintiffs leave to amend a third time.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED. Plaintiffs' first claim for violation of § 1983 is hereby dismissed with prejudice as against defendants Terry Dean, Chris Von Kleist, Jason Bramson, Chris Boyles, Kelley Haight, Steve Hiscock, and Tim Ryan.

DATED: April 22, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] To the extent plaintiffs' first claim for relief can be based on the deprivation of any other constitutional right, the SAC similarly fails to state a claim upon which relief can be granted.