UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHERRIE HAZLETT and TONY             NO. CIV 2:12-01782 WBS DAD
HAZLETT,

       Plaintiffs,
                                     <u>MEMORANDUM AND ORDER RE:</u>
    v.                             <u>MOTION TO DISMISS</u>

TERRY DEAN, CHRISTOPHER VON
KLEIST, JASON BRAMSON, CHRIS
BOYLES, KELLY HAIGHT, STEVEN
HISCOCK, TIM RYAN, S.J.
JOHNSON, J.S. SOKSODA, and
Z.L. LOPETEGUY,

       Defendants.

----oo0oo----

       Plaintiffs Cherrie and Tony Hazlett brought this action
against school employees and police officers arising from their
arrest and prosecution for truancy and forgery.  Defendants Von
Kleist, Bramson, Boyles, Haight, Hiscock, and Ryan, (together,
"school defendants"), as well as defendant Dean, now seek
dismissal under Federal Rule of Civil Procedure 12(b)(6) for
failure to state a claim upon which relief can be granted.

1

1    In its January 30, 2013 Order, the court granted in
2  part and denied in part both the police defendants' and school
3  defendants' motions to dismiss the First Amended Complaint
4  ("FAC").  (Docket No. 31.)  The court held, in relevant part,
5  that plaintiffs' § 1983 claims based upon a violation of their
6  Fourth Amendment right to be free from unreasonable search and
7  arrest without probable cause against the school defendants were
8  untimely because the claims accrued at the time of the arrest,
9  but that the same claims against defendants Dean, Johnson,
10  Soksoda, and Lopeteguy were timely since those defendants were
11  arguably peace officers subject to tolling under California
12  Government Code section 945.3.  (Jan. 30, 2013 Order at 2.)
13  Plaintiffs were granted leave to amend.  (Id. at 3.)

14    In their Second Amended Complaint ("SAC"), plaintiffs
15  bring two separate claims for violations of § 1983.  (Docket No.
16  32.)  The first claim, brought against all defendants, is
17  subtitled "Malicious Prosecution" and alleges that defendants
18  provided "materially false misleading [sic] and incomplete
19  information and/or omitting material information to the
20  prosecuting agency for the purpose of having Plaintiffs
21  prosecuted for forgery, a felony" when defendants "did not and in
22  good faith could not believe Plaintiffs to be guilty of the crime
23  alleged."  (SAC ¶¶ 25-26.)  Plaintiffs maintain that defendants
24  "engaged in this malicious conduct with the purpose of depriving
25  Plaintiffs of their Constitutional Rights to be free of unlawful
26  seizure and the right to due process under the Fourth and
27  Fourteenth Amendments of the United States Constitution."  (Id. ¶

28

1  27.)[1]

2      The school defendants and Dean now move to be dismissed

3  from the first claim for violation of § 1983 for failure to state

4  a claim upon which relief can be granted under Rule 12(b)(6).

5  (Docket No. 34.)

6      Section 1983 provides a cause of action against any

7  person who, under the color of state law, deprives another of any

8  right, privilege, or immunity secured by the Constitution and

9  laws of the United States.  42 U.S.C. § 1983.  "Section 1983 'is

10  not itself a source of substantive rights,' but merely provides

11  'a method for vindicating federal rights elsewhere conferred.'"

12  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v.

13  McCollan, 443 U.S. 137, 144 n.3 (1979)).  In the Ninth Circuit,

14  "[i]n order to prevail on a § 1983 claim of malicious

15  prosecution, a plaintiff 'must show that the defendants

16  prosecuted [him] with malice and without probable cause, and that

17  they did so for the purpose of denying [him] equal protection or

18  another specific constitutional right.'"  Awabdy v. City of

19  Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v.

20  City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)) (emphasis

21  added).

22      The crux of plaintiffs' § 1983 claim is that they were

23  arrested and prosecuted without probable cause.  To the extent

24  they base the claim upon an alleged deprivation of their

25  Fourteenth Amendment right to substantive due process, the

26  ————————————————

27      [1]   Plaintiffs bring a separate § 1983 claim against
defendants Dean, Johnson, Soksoda, and Lopeteguy which appears to
rely on the same facts and constitutional deprivations in the
28  first claim but does not allege "malicious prosecution."

1    Supreme Court has said that "where a particular Amendment
2    'provides an explicit textual source of constitutional
3    protection' against a particular sort of government behavior,
4    'that Amendment, not the more generalized notion of "substantive
5    due process," must be the guide for analyzing these claims.'"
6    Albright, 510 U.S. at 274 (plurality) (quoting Graham v. Connor,
7    490 U.S. 386, 395 (1989)).  When a plaintiff asserts the right to
8    be free from arrest and prosecution without probable cause,
9    "substantive due process, with its 'scarce and open-ended'
10   'guideposts,' can afford him no relief."  Id. at 275 (plurality)
11   (internal citation omitted).  The Ninth Circuit in Awabdy
12   confirmed that "[t]he principle that Albright establishes is that
13   no substantive due process right exists under the Fourteenth
14   Amendment to be free from prosecution without probable cause."
15   Awabdy, 368 F.3d at 1069 (citing Albright, 510 U.S. at 268, 271
16   (plurality) (further citations omitted)).

17        Plaintiffs appear to rely on Bretz v. Kelman, 773 F.2d
18   1026 (9th Cir. 1985) in support of their claim.  (Pls.' Opp'n at
19   2-4 (Docket No. 35).).  To the extent Bretz ever stood for the
20   proposition that a § 1983 "malicious prosecution" claim based
21   upon deprivation of the Fourteenth Amendment right to substantive
22   due process is available for conspiracy to arrest and prosecute a
23   plaintiff without probable cause, any such reading is foreclosed
24   by Albright.  Thus, plaintiffs' first § 1983 claim based on
25   deprivation of their Fourteenth Amendment right to substantive
26   due process will be dismissed.

27        As for plaintiffs' § 1983 "malicious prosecution" claim
28   based upon a denial of their Fourth Amendment right to be free

4

1  from seizure, the Supreme Court "ha[s] never explored the

2  contours of a Fourth Amendment malicious-prosecution suit under §

3  1983." <u>Wallace v. Kato</u>, 549 U.S. 384, 390 n.2 (2007); <u>see also</u>

4  <u>Becker v. Kroll</u>, 494 F.3d 904, 913 (10th Cir. 2007)

5  (characterizing analysis of § 1983 "malicious prosecution" claims

6  based on the Fourth and Fourteenth Amendments as wading in "murky

7  waters").  Plaintiffs' opposition brief fails to cite a

8  controlling case in support of their claim, if such a claim even

9  exists.  <u>Awabdy</u>, cited at length by plaintiffs in their brief,

10 involved § 1983 claims based upon intent to deprive the plaintiff

11 of his First Amendment right to free speech, Fourteenth Amendment

12 right to equal protection, and Thirteenth Amendment right to be

13 free from slavery, not any Fourth Amendment violations.  <u>See</u>

14 <u>Awabdy</u>, 368 F.3d at 1068-70.  Furthermore, plaintiffs' opposition

15 brief only asserts that "[d]eprivation of liberty, under color of

16 law, supports the § 1983 cause of action," an argument which, as

17 discussed above, fails in the wake of <u>Albright</u>. (Pls.' Opp'n at

18 7.)

19      Evaluating plaintiffs' claims under the standards laid

20 out in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic</u>

21 <u>Corp. v. Twombly</u>, 550 U.S. 544 (2007), plaintiffs fail to offer

22 any plausible support for a § 1983 "malicious prosecution" claim

23 based upon intent to deprive plaintiffs of a Fourth Amendment

24 right to be free from arrest without probable cause, thus

25 plaintiffs' first claim against defendants Terry Dean, Chris Von

26 Kleist, Jason Bramson, Chris Boyles, Kelley Haight, Steve

27

28

1    Hiscock, and Tim Ryan will be dismissed.[2]

2    While leave to amend must be freely given, the court is
3 not required to permit futile amendments. <u>See</u> <u>DeSoto v. Yellow</u>
4 <u>Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992); <u>Reddy v.</u>
5 <u>Litton Indus., Inc.</u>, 912 F.2d 291, 296-97 (9th Cir. 1990); <u>Rutman</u>
6 <u>Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir.
7 1987); <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>,
8 701 F.2d 1276, 1293 (9th Cir. 1983).  On two separate occasions
9 plaintiffs have been granted leave to amend their pleadings to
10 properly state a § 1983 claim against defendants.  (Docket Nos.
11 22, 31.)  The court must therefore assume that further amendment
12 would be futile, and will not grant plaintiffs leave to amend a
13 third time.

14    IT IS THEREFORE ORDERED that defendants' motion to
15 dismiss be, and the same hereby is, GRANTED.  Plaintiffs' first
16 claim for violation of § 1983 is hereby dismissed with prejudice
17 as against defendants Terry Dean, Chris Von Kleist, Jason
18 Bramson, Chris Boyles, Kelley Haight, Steve Hiscock, and Tim
19 Ryan.

20 DATED: April 22, 2013

21

22 WILLIAM B. SHUBB
23 UNITED STATES DISTRICT JUDGE

24

25

26

27 [2]    To the extent plaintiffs' first claim for relief can be
based on the deprivation of any other constitutional right, the
28 SAC similarly fails to state a claim upon which relief can be
granted.

6